<u>NOT FOR PUBLICATION</u>                                    (Docket No. 6)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                    :
SALLY ALLEN AND STEVE ALLEN,        :
                                    :
          Plaintiffs,               :    Civil No. 07-44 (RBK)
                                    :
     v.                             :    **Opinion**
                                    :
JOHN BONGIOVI, et als.,             :
                                    :
          Defendants.               :
_____    :

**KUGLER**, United States District Judge:

Before the Court is a motion by Plaintiffs Sally Allen and Steve Allen to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c). For the reasons provided below, Plaintiff's motion will be denied without prejudice.

I.   **Background**

Plaintiff Sally Allen ("Plaintiff") worked as a security operative with "Show and Event Security of Wakefield." As part of her job duties, Plaintiff worked the "Bon Jovi United Kingdom" tour, which consisted of five performances.  Defendants John Bongiovi, a/k/a Jon Bon Jovi, David Bryan Rashbaum, Richard Sambora, and Hector Torres (collectively "Bon Jovi") performed at the National Bowl, Milton Keynes, Buckinghamshire, England on June 11, 2006.  Defendant Bon Jovi employed Defendant Kevin McDonnell, who worked as venue security at the June 11, 2006

performance.

At 4:30 P.M. on June 11, 2006, a fire erupted in the VIP hospitality area of the concert venue.  The fire brigade ordered a 200 meter safety zone around the VIP hospitality area because of concerns over exploding gas canisters. Plaintiff, acting in the scope of her employment, enforced the safety zone.  During this time, Defendant McDonnell, who was in a "golf-cart type vehicle," approached Plaintiff.  Plaintiff alleges that she gestured for Defendant McDonnell to stop.  Once Defendant McDonnell stopped, Plaintiff explained the safety zone, and told Defendant McDonnell that he could proceed no further.  Plaintiff alleges that Defendant McDonnell then yelled multiple expletives at Plaintiff, and moved the vehicle forward, striking Plaintiff's right leg, causing serious and permanent damage.

On October 16, 2006, Plaintiff, with her husband, Steve Allen, filed a complaint in the Superior Court of New Jersey, Camden County, against Defendants Bon Jovi, Bon Jovi Tours, Inc. ("Tours"), Bon Jovi Productions, Inc. ("Productions"), Kevin McDonnell, John Does 1-50, and ABC Corporations 1-25. Defendant Tours removed this action to the United States District Court for the District of New Jersey on January 4, 2007. Plaintiffs attempted service on Defendants Tours[1] and Productions.  With

---

[1]     The Court does not address the issue of whether Plaintiffs' service on Tours was proper at this time.  Because Tours consented to removal in the Amended Notice of Removal, the

regard to the latter, Plaintiffs relied on information obtained in the "Business Status Report." According to the Business Status Report, Productions listed its "Agent Address" as 786 King George Road, Fords, New Jersey.  In addition, in the section entitled "Officers/Directors/Members," the Business Status Report listed the President as Jon Bongiovi, with a mailing address of 1180 Century Park E 1600, Los Angeles, California. Plaintiffs allege they attempted service at the agent address, and learned that it was vacant.  Thereafter, Plaintiffs allege they served the Officer at the California address.

On February 2, 2007, Plaintiffs moved to remand this action to state court.  Plaintiffs assert that Defendant improperly removed this case, as only Defendant Tours consented to removal by signing the Notice of Removal. However, in the Notice of Removal, Defendant Tours asserted that no other defendant opposed the removal. Defendants oppose this motion, arguing that, as of the date of the motion to remand, Plaintiffs failed to effect service on any Defendant which did not consent to removal in the removal petition.  As a result, Defendants argue that because Tours submitted the removal petition, removal was proper.

In the alternative, Plaintiffs argue that this removal was improper under 28 U.S.C. § 1441(b) because at least one of the

_____

question of effective service of process does not factor into the Court's analysis regarding the rule of unanimity.

defendants is a citizen of the state in which the Plaintiffs brought the action ("forum defendant rule"). Defendant Tours counters that Plaintiffs fraudulently joined the New Jersey citizens as defendants, including Productions and two of the individually named defendants. Defendant Tours argues that Plaintiffs seek redress for the actions of Defendant McDonnell, who worked only for Tours. As a result, Defendant Tours asserts that the theory of respondeat superior could not possibly lead to recovery from any defendants other than Tours and McDonnell, therefore Plaintiffs have no colorable claim against the other defendants. For that reason, Defendant Tours alleges that the "forum defendant rule" of 28 U.S.C. § 1441(b) does not apply, because Plaintiffs fraudulently joined the New Jersey citizens to avoid federal subject matter jurisdiction. In addition, Defendant Tours alleges that Plaintiffs failed to effect service of process on the forum defendants.

## II. Discussion

### A.   Forum Defendant Rule

The forum defendant rule states

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Courts interpret this rule to mean that when a plaintiff files an action in state court, and the federal court has original jurisdiction based on diversity of citizenship, the defendants may remove the action to federal court provided that no defendant is a citizen of the state in which action was brought. See, e.g., Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

In the Third Circuit, the removing party has a "heavy burden" to justify removal and can avoid remand only by demonstrating that the plaintiff fraudulently joined the defendant sued in his home state. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (quoting Steel Valley Auth. v. Union Switch & Signal Div ., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)). "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff, 977 F.3d at 851 (quoting Steel Valley, 809 F.2d at 1010); see also Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Therefore, "a district court must resolve all contested issues of substantive fact in favor of the plaintiff . . . ." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). If even the possibility exists that a state court "would find the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Batoff, 977 F.2d

at 851 (citing Boyer, 913 F.2d at 111). Moreover, the Third
Circuit stated that district courts must not turn this
jurisdictional inquiry of fraudulent joinder into a motion to
dismiss, meaning a district court should refrain from reaching
the merits of the claim.  In re Briscoe, 448 F.3d 201, 218 (3d
Cir. 2006). In sum, "[u]nless the claims against the non-diverse
defendant could be deemed 'wholly insubstantial and frivolous'
. . . the joinder could not be considered fraudulent." Id.

Although the Third Circuit permits a court to pierce the
pleadings to determine if a plaintiff asserts colorable claims
against the forum defendants, see Boyer, 913 F.2d at 112, the
Plaintiff in this case presented no evidence to which this Court
can look to ascertain whether the claims against Productions,
John Bongiovi, and David Rashbaum are "wholly insubstantial and
frivolous."  In their brief supporting remand, Plaintiffs state
only that they are "entitled to discovery to elaborate on the
factual underpinnings of what Defendant, [sic] McDonnell was
doing for the band and/or for the corporate Defendants."

Given the lack of information before it, this Court is
unable to adequately address the question of whether Plaintiffs
fraudulently joined the forum defendants in this case.  Moreover,
the Court notes that Plaintiffs are citizens of Great Britain,
and the incident giving rise to this claim occurred in Great
Britain. It is unclear what forum's substantive law applies to

6

this action in the first instance.  Therefore, this Court will deny Plaintiffs' motion to remand without prejudice, and will give Plaintiffs' leave to conduct discovery for a period of sixty days to provide evidence that Plaintiffs' claims against the forum defendants are not frivolous.

**B.   Consent to Removal**

Plaintiffs argue that this case should be remanded to state court because no Defendant, other than Tours, provided written evidence of their consent to remove the case in the Notice of Removal, in violation of 28 U.S.C. § 1446(a) and (b).  Plaintiffs argue that a defendant can effectively join a removal petition by 1) signing the removal notice; 2) filing their own notice; or 3) filing a written consent with the federal court.  Defendants counter that Tours is the only party in this action, alleging that Plaintiffs failed to effect service of process on any of the named defendants.[2]  Therefore, Defendants argue that Tours is the

---

[2]   In their removal petition, Tours argues that Plaintiffs effected proper service on none of the parties, but "in an abundance of caution," Tours removed the action. Moreover, in several documents filed with the Court, Tours states that none of the others parties objects to removal.

As a threshold issue, this Court respectfully disagrees with Tours's assertions regarding service.  In particular, it appears that Plaintiffs effected service upon Productions in accordance with Federal Rule of Civil Procedure 4(h)(1) by serving an officer of the corporation at the Los Angeles, California address listed on the Business Status Report.  Tours argues that the entity at the California address is the "former business manager for certain Bon Jovi entities," an is no longer authorized to receive service on behalf of Productions, even though the Business Status Report listed an officer at that address.

7

only party that needs to consent, and that Tours satisfied that requirement by signing the removal petition.

The federal removal statute states

A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure . . . within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . .

28 U.S.C. § 1446(a) and (b).  It is well-settled that all defendants must join in or consent to the removal petition, commonly referred to as the "rule of unanimity."  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (citing Chicago, R.I. & P. Ry. Co. v. Martin, 178 U.S. 245, 24 (1900)). "The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined."  Balazik, 44 F.3d at 213 n.4.

_____

The Court finds Tours's argument untenable. Plaintiffs attained the Business Status Report, which listed the agent of Productions in New Jersey, and an officer of Productions in California.  Plaintiffs attempted service on the agent in New Jersey, only to discover it was no longer a valid address. Plaintiffs effected service on the officer listed on the Business Status Report.  If the officer listed on the Business Status Report is no longer authorized to receive service on behalf of Productions, the onus falls squarely on Productions to update the Business Status Report.  To accept Tours's argument that service on the listed officer was improper would permit Productions to consistently escape service.  Therefore, the Court finds that Plaintiffs effected service on Defendant Productions.

Because fraudulent joinder is an exception to the rule of unanimity, this Court will deny Plaintiffs' motion to remand without prejudice for the reasons discussed in Section II.A., supra.

**III. CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's motion to remand without prejudice. The Court gives Plaintiffs leave to conduct discovery for a period of sixty days to provide evidence that Plaintiffs's claims against the forum defendants are not frivolous.


Dated: 3/19/2007          s/Robert B. Kugler
                          ROBERT B. KUGLER
                          United States District Judge