NOT FOR PUBLICATION (Docket No. 22, 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
SALLY ALLEN AND STEVE ALLEN,       :
                                   :
          Plaintiffs,              :    Civil No. 07-44 (RBK)
                                   :
     v.                            :    **OPINION**
                                   :
JOHN BONGIOVI, et al.,             :
                                   :
          Defendants.              :
_____:

**KUGLER**, United States District Judge:

Before the Court is a motion by Plaintiffs Sally Allen and Steve Allen to remand this action to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c) and a motion by Defendants John Bongiovi, a/k/a Jon Bon Jovi, David Bryan Rashbaum, Richard Sambora, and Hector Torres (collectively "Bon Jovi"), Bon Jovi Tours, Inc. ("Tours"), and Bon Jovi Productions, Inc. ("Productions") for dismissal of this action on the basis of forum non conveniens. For the reasons below, Defendants' motion to dismiss will be conditionally granted.

I.   BACKGROUND

Plaintiff Sally Allen ("Plaintiff") worked as a security operative with "Show and Event Security of Wakefield." As part of her job duties, Plaintiff worked the "Bon Jovi United Kingdom" tour, which consisted of five performances by Defendant Bon Jovi, including one at at the National Bowl, Milton Keynes, Buckinghamshire, England on June 11, 2006. Defendant

1

Kevin McDonnell was employed as the head of security for the performance.

At 4:30 P.M. on the day of the Milton Keynes performance, a fire erupted in the VIP hospitality area of the concert venue. The fire brigade ordered a 200 meter safety zone around the VIP hospitality area because of concerns over exploding gas canisters. Plaintiff, acting in the scope of her employment, enforced the safety zone. During this time, Defendant McDonnell, who was in a "golf-cart type vehicle," approached Plaintiff. Plaintiff alleges that she gestured for Defendant McDonnell to stop. Once Defendant McDonnell stopped, Plaintiff explained the safety zone, and told Defendant McDonnell that he could proceed no further. Plaintiff alleges that Defendant McDonnell then yelled multiple expletives at Plaintiff and moved the vehicle forward, striking Plaintiff's right leg and causing serious and permanent damage.

On October 16, 2006, Plaintiff, with her husband, Steve Allen, filed a complaint in the Superior Court of New Jersey, Camden County, against Defendants Bon Jovi, Bon Jovi Tours, Inc. ("Tours"), Bon Jovi Productions, Inc. ("Productions"), Kevin McDonnell, John Does 1-50, and ABC Corporations 1-25. Plaintiffs' Complaint alleges negligence, assault and battery, intentional infliction of emotional distress, negligence through respondeat superior, negligent hiring and supervision, and loss of consortium. Plaintiffs attempted to serve the Complaint on Defendants Tours, Productions, and Jon Bongiovi.

Defendant Tours removed this action to the United States District Court for the District of New Jersey on January 4, 2007. On February 2, 2007, Plaintiffs moved to remand this action to state court, arguing that removal was improper because at least one of the defendants is a citizen of the state in which the Plaintiffs brought the action ("forum defendant rule"). Defendants opposed the remand arguing that Plaintiffs fraudulently joined the New Jersey citizens as

2

defendants, including Productions and two of the individually named defendants. Defendant Tours argued that Plaintiffs seek redress for the actions of Defendant McDonnell, who worked only for Tours. As a result, Defendant Tours asserted that the theory of respondeat superior could not possibly lead to recovery from any defendants other than Tours and McDonnell, therefore leaving Plaintiffs no colorable claim against the other defendants. The Court denied Plaintiffs' motion to remand without prejudice, giving Plaintiffs sixty days to take discovery to determine if a reasonable basis in fact or colorable claims in law supported the claims against the forum defendants. On June 28, 2007, Plaintiffs filed a second motion to remand. Defendants oppose this motion and additionally move to dismiss Plaintiff's Complaint on the grounds of forum non conveniens.

## II.   DISCUSSION

Because it may be dispositive of the current proceedings, the Court examines Defendants' motion for dismissal on grounds of forum non conveniens first. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1188 (2007) ("a court need not resolve whether it has authority to adjudicate the cause. . . if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case").

The general standard provides for dismissal based on forum non conveniens "when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would 'establish. . . oppressiveness and vexation to a defendant. . . out of all proportion to the plaintiff's convenience. . . .'" Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988) ("Lacey I") (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981). The Court must evaluate four issues: (1) the availability and adequacy of an alternative forum; (2) the amount of deference to

be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors. Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 633 (3d Cir. 1989). Defendants bear a heavy burden on every element in the analysis, as dismissal for forum non conveniens is the exception, rather than the rule. See Tech. Dev. Co. v. Onischenko, 174 F. App'x 117, 121 (3d Cir. 2006).

A.  **Adequacy of Alternative Forum**

The alternate forum in this case would be England, where Plaintiffs reside and where the injury occurred. An forum will be considered adequate if the defendants are amenable to process in that forum and the cause of action Plaintiffs seek to bring exists. Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991) ("Lacey II"). A forum will not be considered inadequate merely because its law is less favorable to the plaintiffs; a change to less favorable law will only be given substantial weight in the analysis where the remedy in the alternative forum is so limited as to be "no remedy at all." Piper, 454 U.S. at 244. Similarly, the possibility that dismissal in this jurisdiction may result in a change to law more favorable to the defendants will not be considered. Id. at 252 n.19.

Applying these rules to this case, the Court concludes that England is an adequate forum for resolution of this dispute. Defendants have submitted an affidavit from Joseph O'Keefe, an English solicitor, asserting that Plaintiffs' causes of action are recognized in England. Plaintiffs, on the other hand, have provided the affidavit of John Mackenzie, another solicitor, who asserts that Mr. O'Keefe is mistaken. Mr. Mackenzie notes that in a personal injury action in England, the case is tried by a judge (rather than a jury), punitive damages are not available, the losing party pays the costs of the successful party, the damage award is unlikely to fully compensate the

victim, and the funding of the litigation is likely to be difficult as contingency fee arrangements are not available. (Mackenzie Aff. ¶¶ 8.1, 16-21.) Mr. Mackenzie also notes that bringing a separate additional action for assault and battery would be considered superfluous and not likely to give rise to additional damages. (Mackenzie Aff. ¶ 8.2.) Moreover, according to Mr. Mackenzie the causes of action for intentional infliction of emotional distress, loss of consortium, and negligent hiring or supervision are not recognized by British law. (Mackenzie Aff. ¶¶ 8.4-8.7.)

The Court agrees that the law in England is certainly less favorable to Plaintiffs; however, the Court cannot agree that the British forum is clearly unsatisfactory. The mere fact that there are "deficiencies in the UK legal system when it comes to personal injury matters" does not mean that the remedy available is so limited as to be no remedy at all. (Pl.'s Reply Br. At 7.) See Massaquoi v. Virgin Atl. Airways, 945 F. Supp. 58, 61 (S.D.N.Y. 1996) (finding England to be an adequate alternative forum, even though one plaintiff's loss of consortium claim would not be recognized). Though Plaintiffs' negligent hiring and supervision claims may be threatened, Mr. Mackenzie's affidavit indicates that "the doctrine of vicarious liability of employers is a strong one in the English system" and so Plaintiffs' claims against Defendants would survive in some form. Courts have held that limits on the amount of damages potentially recoverable, the loss of the availability of contingency fee arrangements, the loss of the right to a jury trial, or fee-shifting systems providing that the losing party pays the winning party's costs do not render an alternative forum inadequate. See, e.g., Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 671-72 (5th Cir. 2003) (forum adequate with severe damage caps); VictoriaTea.com, Inc. v. Cott Beverages, Canada, 239 F. Supp 2d 377, 383 (S.D..N.Y. 2003) (forum adequate with no contingency fee

arrangements); Zermeno v. McDonnell Douglas Corp., 246 F. Supp. 2d 646. 658-59 (S.D. Tex. 2003) (forum adequate with no jury right). Finally, British law might govern this case even if it remained in this Court, thus affecting Plaintiffs' ability to maintain these claims regardless of where the case is heard.[1]

An adequate alternative forum must exist "as to all defendants." Lacey II, 932 F.2d at180. Defendant Tours has explicitly consented to jurisdiction. (Defs.' Opp'n at 11.) Though Defendants appear to argue that only Tours and McDonnell need to be amenable to suit, at this point, the Court will not parse through Plaintiffs' claims against each defendant to determine their potential merit. Windt v. Qwest Communications Intern., Inc., Civ. No. 04-3026, 2006 WL 2987097, *2 n.6 (D.N.J., Oct. 17, 2006). See also Alnwick v. European Micro Holdings, Inc., 29 F. App'x 781, 784 (2002) (forum non conveniens inquiry does not "include consideration of the merits of a particular claim or lawsuit"). The Court finds that England is an adequate alternative forum, conditioned upon the willingness of all served defendants to consent to jurisdiction, as will be discussed below.

**B.    Deference to Plaintiffs' Choice of Forum**

Normally, the Court grants a strong presumption in favor of a plaintiff's choice of forum.

---

[1] Neither party provided the Court with a choice of law analysis. While the need to apply foreign law does not mandate dismissal of the case, it is a factor pointing towards dismissal. Lacey I, 862 F.2d at 48; Piper, 454 U.S. at 260 n.29. If there is a conflict between the two potentially applicable sources of law, New Jersey applies the law of the jurisdiction with the "greatest interest in governing the specific issue that arises in the underlying litigation." Gantes v. Kason Corp., 679 A.2d 106, 109 (N.J. 1996). In a personal injury case, where both the conduct and the injury occurred in the same jurisdiction, "with only 'rare exceptions, the local law of the state where conduct and injury occurred will be applied' to determine an actor's liability." Fu v. Fu, 733 A.2d 1133, 1142 (N.J. 1999) (quoting Restatement (Second) of Conflict of Laws § 145 (1971)). Though the Court does not decide which law governs the merits of this dispute, the facts point towards the applicability of British law.

However, that choice is entitled to far less deference where the plaintiff is a foreign citizen unless there is a strong showing of convenience. Piper, 454 U.S. at 257; Lacey II, 932 F.2d at 178. The fact that the chosen forum is not the forum where Plaintiff's accident occurred makes it less likely that Plaintiffs' decision making was motivated by concerns about convenience. Piper, 454 U.S. at 255-56. Plaintiffs are English citizens, and the injury in question occurred in England. While some of the evidence regarding Defendants' hiring and supervision of McDonnell will presumably be in the United States, the evidence about the event, the extent of the injury, and any ongoing medical treatment will likely be in England. Plaintiffs' only assertion of convenience involves a concern about jurisdiction over the Defendants in locations other than New Jersey. (Pl.'s Opp'n at 9.)

      The Court agrees with Plaintiffs that many forum non conveniens cases involve defendants protesting at having to defend a suit far from home, and for that reason, when suit has been brought in a district where at least some of the individual defendants have substantial ties, this case appears to be in an odd posture. However, the case law is also replete with plaintiffs seeking to bring claims in courts of the United States because of the perceived advantages of litigation here. See, e.g., Piper, 454 U.S. at 264 n.18 (discussing plaintiff-friendly features of American law); 14D Wright, Miller, and Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3828.1 n.9 (3d ed. 2007). Because of the jurisdictional concerns and the fact that some relevant evidence is likely to be found in New Jersey, Plaintiffs' choice of forum will be offered some deference, but far less than would be offered to a domestic plaintiff suing in her home forum. See Miller v. Boston Scientific Corp., 380 F. Supp. 2d 443, 451 (D.N.J. 2005).

C.    **Private Interest Factors**

The Supreme Court in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) directed courts to evaluate the private interests of the litigants, including (1) ease of access to evidence; (2) the cost for willing witnesses to attend trial; (3) the availability of compulsory process; and (4) other factors that might shorten trial or make it less expensive.

As discussed above, some of the evidence regarding Defendants' hiring and supervision of McDonnell will be in the United States, while all the evidence about the event, the extent of the injury, and any ongoing medical treatment will likely be in England. Though Plaintiffs assert through Mr. Mackenzie that all medical documentation has already been sent to the United States, there can be no doubt that at least some additional participation from the treating physicians in England will be required. See Miller, 380 F. Supp. 2d at 451-52 (noting that facts point to dismissal where evidence relating to one element of the claim is in the United States but where evidence relating to causation, injury, and damages is located in a foreign country).

The Court recognizes Plaintiffs' concerns about the reach of the subpoena powers of the British courts. As Defendants point out, Plainitffs have already deposed Jon Bongiovi, David Bryan, and a representative from Productions. The potential problem is with Defendant McDonnell, over whom a British court would presumably have jurisdiction but who Plaintiffs assert will never appear in an British court because if he returns to England he faces arrest for the alleged assault underpinning this case. (Mackenzie Aff. ¶¶ 9.3, 9.8.) Paul Korzilius, tour manager for Bon Jovi, has asserted in an affidavit filed with the notice of removal in this case that McDonnell was employed by Tours and currently resides in California. (Korzilius Aff. ¶¶ 2-4.) Despite having this information, Plaintiffs do not appear to have requested summons for or

attempted to serve McDonnell. (See Docket Entry No. 9, requesting summons for Productions and Bongiovi.) Defendants assert that McDonnell will not be subject to jurisdiction in New Jersey. (Defs.' Opp'n at 11.) As McDonnell has not been properly made a party to this case through effective service of process and questions exist about whether this Court can properly exercise jurisdiction over McDonnell, the Court will not give much weight to Plaintiffs' concerns that McDonnell may similarly evade jurisdiction in England. See Fed. R. Civ. P. 4(m) (requiring service of the summons and complaint within 120 days of the filing of the complaint); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305-6 (3d Cir. 1995) (discussing when a district court may dismiss a complaint for failure to timely serve a defendant).

Plaintiffs main argument on the private interest factors concerns the bar on contingency fee arrangements in England. (Pls.' Br. at 10-11.) The Court agrees that the problem of funding the litigation is a factor to consider; however, it will not be given substantial weight. See Murray v. British Broadcasting Corp., 81 F.3d 287, 292 (2nd Cir. 1996) (discussing why the absence of a contingency fee system cannot be determinative and noting that the American fee system is nearly unique in this regard).

**D.     Public Interest Factors**

The public interests to be considered include: (1) having local disputes settled locally; (2) avoiding problems of applying foreign law; and (3) avoiding burdening jurors with cases that have no impact on their community. Gilbert, 330 U.S. at 508-09.

This is certainly not a local dispute, and as noted above, British law may apply. Though the United States does have an interest in ensuring that its citizens and corporations do not act tortiously while profiting from business abroad, there is no compelling public interest in

9

deterring wrongful actions that would be undermined by having this case heard in England.

### III.  CONCLUSION

Having found that England is an adequate alternative forum and the Plaintiffs' choice of forum is entitled to little deference, the Court balances the public and private interest factors and concludes that they weigh in favor of dismissal.  Though New Jersey is clearly not the most inconvenient forum generally for all Defendants, as several have significant connections to the state, in the context of this case retention of jurisdiction would constitute a burden "out of all proportion with the plaintiff's convenience."  Piper, 454 U.S. at 241.  This is a case brought by English plaintiffs concerning an injury that occurred in England, and in the context of this case dismissal is warranted.

The Court will dismiss this case on the grounds of forum non conveniens but will place several conditions on that dismissal.  See Miller, 380 F. Supp. 2d at 456-57 (conditioning dismissal and providing for reinstatement of the case should the conditions not occur). Defendant Tours has consented to jurisdiction in England if an action is brought there "within six months of dismissal of this action or within the time remaining under the applicable statutes of limitation."  Defendants Productions, Bon Jovi, and McDonnell apparently have not so consented.  However, as discussed above, Defendant McDonnell has not been properly made a party to this case, and the Court will not demand the consent of a party who has not been served.

The Court will condition dismissal on Defendants Tours, Productions, and Bon Jovi's consent to jurisdiction in England, acceptance of service of process in England, and agreement to satisfy any final judgment or judgments, if any, which may be rendered against them in an action brought in England by Plaintiffs on their claims in this matter.  Defendants must advise the Court

of their consent to these conditions within fourteen days of the issuance of this Opinion and Order.  An order of dismissal will be entered only upon Defendants' timely filing of a stipulation agreeing to all of the Court's conditions.


Dated:    3/17/2008                                                  /s/ Robert B. Kugler        
                                                              ROBERT B. KUGLER
                                                              United States District Judge